IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

AMBER COOKE,

    **Plaintiff,**

vs.                                                                                                     CASE NO.:

SCOTTSDALE INSURANCE COMPANY,

    **Defendant.**

_____/

## COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, AMBER COOKE, (hereinafter referred to as "Plaintiff") by and through the undersigned counsel and files this complaint for damages and demand for jury trial against the Defendant, SCOTTSDALE INSURANCE COMPANY, (hereinafter referred to as "Defendant") and states the following:

1. This is a civil action for breach of contract wherein the damages do are an excess of $50,000.00, excluding attorney's fees, costs and interest.

2. Venue is proper in Lee County, Florida because: (1) the real property in this action is located in Lee County, Florida; (2) Plaintiff resides in Lee County, Florida; (3) the Defendant is a Foreign corporation doing business in Lee County, Florida.

3. This Complaint is filed in accordance with Florida Statute §627.70152(3)(a), et seq., Fla. Stat. (2021), which a Notice of Intent to Initiate Litigation was filed on April 5, 2023, with the Florida Department of Financial Services. A copy of the Notice is attached hereto as Exhibit "A".

1

## THE PARTIES

4. At all times material hereto, Plaintiff is a resident of Lee County, Florida, over the age of eighteen (18) years and otherwise sui juris.

5. That Defendant was and is a Foreign for-profit Corporation organized under the laws of the State of Ohio, with a principal business address of One West Nationwide Boulevard, Columbia, OH 43215.

## GENERAL ALLEGATIONS

6. That the Defendant issued homeowners insurance policy number HOS1890814, to the Plaintiff. That said policy of insurance provided coverage for the Plaintiff's dwelling located at 5631 Staley Road, Fort Myers, Florida 33905. The subject policy of insurance provides coverage for including, but not limited to, damage caused to the property, replacement of personal property damaged and/or destroyed by a covered loss and additional living expense reimbursement if and when the residence becomes uninhabitable.

7. That on September 28, 2022, while the Plaintiff's homeowner's insurance was in full force and effect, Hurricane Ian passed over the home. This resulted in significant damage to the Plaintiff's residence.

8. That the Plaintiff provided timely notice to the Defendant, of the loss occurring on September 28, 2022, and complied with all conditions precedent required by the subject policy of insurance. However, the Defendant, despite issuing claim number 02107558, breached the contract of insurance with the Plaintiff when it failed to properly compensate the Plaintiff for the repairs to the property which is a provision of the insurance contract issued by the Defendant.

## COUNT I – BREACH OF CONTRACT

9. Plaintiff realleges the allegations in Paragraphs One (1) through Eight (8) as though fully set forth herein, and further states:

10. That the Defendant has failed to timely evaluate and pay the benefits owed to the Plaintiff under the terms of the insurance policy issued by the Defendant.

11. All conditions precedent to the bringing of this action have occurred, have been performed or otherwise satisfied, or have been waived. That the Plaintiff, due to the Defendant's failure to comply with the terms of the insurance policy issued by them, has suffered damages including, but not limited to, additional property damage and the retention of experts to assist with this loss.

12. That the Defendant's failure to fulfill its contractual obligations contained in the homeowner's policy issued to the Plaintiff has caused her to retain the services of the undersigned attorney for representation in this action. Therefore, the Defendant is responsible for statutory attorney's fees pursuant to Florida Statute §627.428.

WHEREFORE, the Plaintiff, AMBER COOKE, hereby demands judgment against the Defendant, SCOTTSDALE INSURANCE COMPANY, for all damages to her residence caused by the aforementioned damage together with interest on overdue payments, reasonable attorney's fees pursuant to Florida Statute §627.428, court costs and any other relief deemed just and equitable.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury of all issues so triable.

Dated this 31ST day of May, 2023.

RESPECTFULLY SUBMITTED:

JONATHAN D. SCHWARTZ, P.A.
13611 South Dixie Hwy., Suite 335
Miami, FL  33176
Telephone:  (786) 299-2319
Facsimile:  (786) 953-4691

BY:   /s/ Jonathan D. Schwartz, Esq.
       Jonathan D. Schwartz, Esq.
       FL Bar No: 178268
       Email: jonathan@jonathanschwartzesq.com
             Service@jonathanschwartzesq.com

**EXHIBITS:**

A)  Notice of Intent to Initiate Litigation filed April 5, 2023.

SERVICE INFORMATION:

SCOTTSDALE INSURANCE COMPANY, C/O:
FLORIDA CHIEF FINANCIAL OFFICER
200 EAST GAINES STREET
TALLAHASSEE, FL 32399-4201

4

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

AMBER COOKE,

    Plaintiff,

vs.                                                                                          CASE NO.:

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

# EXHIBIT A



| Property Insurance Notice of Intent to Initiate Litigation | |
|---|---|
| Notice Number: | 98314 |
| Notice Accepted: | 4/5/2023 1:30:48 PM |

☑ The submitter hereby states that This Property Insurance Intent to Initiate Litigation Notice is provided pursuant to Section 627.70152, Florida Statutes.

| Claimant (insured filling suit and/or a resident of one or more of the insurance policy) | |
|---|---|
| Name: | Amber Cooke |
| Street Address: | 5831 Staley Rd |
| City, State Zip: | fort myers, FL 33905 |
| Email Address: | atlantisswift@gmail.com |
| Policy Number: | HOS1040914 |
| Claim Number: | 02107558 |

| Attorney | |
|---|---|
| Name: | jonathan schwartz |
| Street Address: | 13611 south dixie highway suite 335 |
| City, State Zip: | miami, FL 33176 |
| Email Address: | jonathan@jonathanschwartzesq.com |
| Florida Bar #: | 176268 |
| Firm Name: | law office of jonathan schwartz |
| Role on Claim: | Represent Insured |

* Pursuant to Section 627.70152, Florida Statutes, the Attorney filing this Notice must provide a copy of this Notice to the Claimant. The Claimant's email address is a required field as this Notice will be transmitted to the Claimant upon submission.



**Notice Details**

Insurer Name:

SCOTTSDALE INSURANCE COMPANY(41297)

* Make sure to reference the declarations page on the insurance policy to confirm the legal name of the insurance company. If you are unsure about the correct legal name of the underwriting company, please check with the Secretary of State, Division of Corporations, at www.sunbiz.org, or the Office of Insurance Regulation website at www.companysearch.myfloridacfo.gov to search for an insurer's name.

The Department of Financial Services (Department) does not review entries for accuracy, determine the validity of the allegations, nor verify that the proper insurance company has been selected on the Property Insurance Intent to Initiate Litigation Notice (Notice). This system determines whether a filing is accepted based on whether it contains a response in all required fields necessary to submit a complete Property Insurance Intent to Initiate Litigation Notice. No determination is made as to the legal sufficiency of the information provided by the consumer or their counsel in the submission.

Alleged Acts or Omissions of the Insurer:

Breach of insurance contract. Failure to adjust property claim. Failure to conduct a through investigation. Failure to bring property to preloss condition.

This Notice is being provided following alleged acts or omissions by the insurer other than the denial of coverage.

| | |
|---|---|
| Presuit Settlement Demand: | $348,601.00 |
| Damages: | $338,601.00 |
| Attorney Fees: | $10,000.00 |
| Costs: | $100.00 |
| Disputed Amount: | $200,000.00 |

**Attachments**

The following documents were included as part of this Notice. Please open this Notice online to review or download these documents.
1. Xerox Scan_04052023140208.pdf -



eportaluser

Expand All

| Case Number | Filed Date | Disposition Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|---|
| 362023CA007042A001CH [23-CA-007042] | 05/31/2023 | | LEE | CA Contracts and Indebtedness | Filed | No | No |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| KYLE, KEITH R | JUDGE | | |
| Schwartz, Jonathan David | ATTORNEY | | |
| Cooke, Amber | PLAINTIFF | SCHWARTZ, JONATHAN DAVID | 178268 |
| Scottsdale Insurance Company | DEFENDANT | | |

**Dockets**

Page : 1    25

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| 📄 | 10 | 07/03/2023 | Motion for Extension of Time | 2 |
| 📄 | 9 | 06/27/2023 | Return of Service Served | 1 |
| 📄 | 8 | 06/08/2023 | Standing Order in Circuit Civil Cases | 2 |
| | 1 | 05/31/2023 | UCR Case Initiation | |
| 📄 | 2 | 05/31/2023 | Civil Cover Sheet | 3 |
| 📄 | 3 | 05/31/2023 | Complaint | 7 |
| 📄 | 4 | 05/31/2023 | Summons Submitted for Issuance - New Case | 2 |
| 📄 | 5 | 05/31/2023 | Notice of Service of Interrogatories | 14 |
| 📄 | 6 | 05/31/2023 | Request for Production | 7 |
| 📄 | 7 | 05/31/2023 | Request for Admissions | 2 |

**Judge Assignment History**

**Court Events**

**Financial Summary**

**Reopen History**

1/1

 

eportaluser

Expand All

| Case Number | Filed Date | Disposition Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|---|
| 362023CA007042A001CH [23-CA-007042] | 05/31/2023 | | LEE | CA Contracts and Indebtedness | Filed | No | No |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| KYLE, KEITH R | JUDGE | | |
| Schwartz, Jonathan David | ATTORNEY | | |
| Cooke, Amber | PLAINTIFF | SCHWARTZ, JONATHAN DAVID | 178268 |
| Scottsdale Insurance Company | DEFENDANT | | |

**Dockets**

Page : 1     25

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| 📄 | 10 | 07/03/2023 | Motion for Extension of Time | 2 |
| 📄 | 9 | 06/27/2023 | Return of Service Served | 1 |
| 📄 | 8 | 06/08/2023 | Standing Order in Circuit Civil Cases | 2 |
| | 1 | 05/31/2023 | UCR Case Initiation | |
| 📄 | 2 | 05/31/2023 | Civil Cover Sheet | 3 |
| 📄 | 3 | 05/31/2023 | Complaint | 7 |
| 📄 | 4 | 05/31/2023 | Summons Submitted for Issuance - New Case | 2 |
| 📄 | 5 | 05/31/2023 | Notice of Service of Interrogatories | 14 |
| 📄 | 6 | 05/31/2023 | Request for Production | 7 |
| 📄 | 7 | 05/31/2023 | Request for Admissions | 2 |

**Judge Assignment History**

**Court Events**

**Financial Summary**

**Reopen History**

1/1

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

      **I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>TWENTIETH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>LEE</u>  COUNTY, FLORIDA

<u>Amber Cooke</u>
 Plaintiff                                                          Case # _____
                                                                                   Judge   _____

vs.
<u>Scottsdale Insurance Company</u>
 Defendant

      **II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

      **III.    TYPE OF CASE**    (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

    **V.**    **NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

    1

    **VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐ yes
        ☒ no

    **VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒ no
        ☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒ yes
        ☐ no

    **IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
        ☐ yes
        ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jonathan D. Schwartz        Fla. Bar # 178268
      Attorney or party                           (Bar # if attorney)

Jonathan D. Schwartz               05/31/2023
(type or print name)                   Date

*23-000277345*

| | |
|---|---|
| AMBER COOKE | CASE #: 23-CA-007042<br>COURT: 20TH JUDICIAL CIRCUIT<br>COUNTY: LEE |
| PLAINTIFF(S) | DFS-SOP #: 23-000277345 |

VS.

SCOTTSDALE INSURANCE COMPANY

DEFENDANT(S)
_____/

SUMMONS, COMPLAINT, DISCOVERY, STANDING ORDER

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Friday, June 9, 2023 and a copy was forwarded by ELECTRONIC DELIVERY on Tuesday, June 13, 2023 to the designated agent for the named entity as shown below.

SCOTTSDALE INSURANCE COMPANY
LYNETTE COLEMAN
1201 HAYS STREET
TALLAHASSEE, FL 32301

**\*Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule 1.080.**

Jimmy Patronis
Chief Financial Officer

JONATHAN DAVID SCHWARTZ
PRESIDENT
JONATHAN SCHWARTZ P.A.
13611 SOUTH DIXIE HIGHWAY SUITE 335
MIAMI, FL 33176

GC1

6/8/2023 2:25 PM FILED LEE COUNTY CLERK OF COURTS

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA   CIVIL ACTION

CASE NO: 23-CA-007042

Cooke, Amber
  Plaintiff
vs
Scottsdale Insurance Company
  Defendant
_____/

## STANDING ORDER IN CIRCUIT CIVIL CASES IN THE TWENTIETH JUDICIAL CIRCUIT

PURSUANT to Florida Rule of Civil Procedure 1.200(a), Florida Rule of Judicial Administration 2.545, and Administrative Order 1.13 (as amended) entered by the Chief Judge of this Circuit, the parties are ordered to adhere to the following information and procedures applicable to civil lawsuits:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service. The Plaintiff shall pay the appropriate statutory clerk's fees on copies for each Standing Order issued and attached to the Summons.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases (other than residential foreclosures, involuntary commitment of sexually violent predators, Extraordinary Writs, 90 day Notice of Medical Malpractice Claim, and Administrative Appeals), the parties are required to participate in the case management system. The Court will issue a Case Management Plan after 150 days of the filing of a case in the event the parties have not submitted an Agreed Case Management Plan that has been approved by the Court. However, if it becomes necessary to amend the court-issued Case Management Plan, the parties may submit an Agreed Case Management Plan, subject to approval by the Court, or if the parties cannot agree on an Amended Plan, the parties may request a case management conference. The form of the Agreed Case Management Plan may be accessed at the Court's website at: https://www.ca.cjis20.org/Programs/Civil-Case-Management/generalcivil.aspx. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory. Agreed Case Management Plans are to be submitted to Lee County Civil Case Management by email in Word format to LeeCircuitCivilCM@ca.cjis20.org or if no access to email then mailed to Lee County Civil Case Management 1700 Monroe Street Fort Myers Fl. 33901. DO NOT file with the Clerk of Court.

3. **ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an

Rev. 9/28/21

out-of-court alternative to settling disagreements. The Court requires the parties to participate in ADR prior to trial. Mediation is mandatory unless the parties agree to another form of ADR. Mediation is a conference at which an independent third party attempts to arrange a settlement between the parties. The Court, at its discretion, may order the case be referred to Non-Binding Arbitration. Non-Binding Arbitration is the process in which the court refers a case to a registered arbitrator, or panel of arbitrators, who will hear evidence and make an award which may become a final judgment if a Motion for Trial De Novo is not timely filed pursuant to Fla.R.Civ.P. 1820(h).

      4. **FAILURE TO PROSECUTE.** The Court will issue a Notice of Intent to Dismiss a case if there is no record of activity within a ten (10) month period of time.

      5. **RULES OF PROFESSIONALISM.** The Twentieth Judicial Circuit has adopted Administrative Order 2.20, which sets forth standards of professional courtesy and conduct for all counsel practicing within the Circuit and self-represented litigants. The Court requires that all familiarize themselves and comply with Administrative Order 2.20. Administrative Order 2.20 may be viewed on the Court's website at: http://www.ca.cjis20.org/web/main/ao_admin.asp

      **DONE AND ORDERED** in Chambers at Fort Myers, Lee County, Florida.

      /s/Alane C. Laboda
      Administrative Circuit Judge

**\*\*\*\*Original on file in the office of the Circuit Court Administrative Judge, Lee County**

IN THE CIRCUIT COURT OF THE 20TH
JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA

AMBER COOKE,

      Plaintiff,

CASE NO. 23-CA-007042

v.

SCOTTSDALE INSURANCE COMPANY,

      Defendant.

_____/

## MOTION FOR EXTENSION OF TIME TO COMPLAINT

The Defendant, Scottsdale Insurance Company ("SIC"), moves, pursuant to Fla. R. Civ. P. 1.090(b)(1), for an Order extending the time to respond to the Plaintiff's Complaint, and states:

The undersigned counsel was recently retained to represent SIC in this case and is in the process of obtaining the information necessary to properly respond to the complaint, and therefore requires an extension of time to respond to it. This request is not for the purpose of delay, and the Plaintiffs will not be prejudiced. SIC will attempt to resolve this issue before bringing it to the Court at a hearing.

WHEREFORE, SIC requests that the Court grant a 20-day extension of time to respond to the Plaintiffs' Complaint.

*Amber Cooke v. Scottsdale Insurance Company*
23-CA-7042
Page **2** of **2**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 3, 2023, a true and correct copy of the foregoing was E-Filed via Florida Courts eFiling Portal to the following counsel of record:

JONATHAN D. SCHWARTZ, P.A.
Jonathan D. Schwartz, Esq.
13611 South Dixie Highway
Suite 335
Miami, FL  33176
Telephone: 786-299-2319
Facsimile: 786-953-4691
jonathan@jonathanschwartzesq.com
service@jonathanschwartzesq.com

HINSHAW & CULBERTSON LLP

*/s/ Joseph V. Manzo*
Joseph V. Manzo
Florida Bar No. 52309
2525 Ponce de Leon Blvd.
Fourth Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
jmanzo@hinshawlaw.com
eriesgo@hinshawlaw.com
*Attorneys for Defendant,*
*Scottsdale Insurance Company*